Argued and submitted May 15, ballot title certified as modified June 2, 2000

Craig HANNEMAN
and Greg Miller,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General
for the State of Oregon,
*Respondent.*

(SC S47456)

999 P2d 1141

John A. DiLorenzo, Jr., of Hagen, Dye, Hirschy & DiLorenzo, P.C., Portland, argued the cause and filed the petition for petitioners.

David F. Coursen, Assistant Attorney General, Salem, argued the cause and filed the answering memorandum for respondent. With him on the answering memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

GILLETTE, J.

Van Hoomissen, J., dissented and filed an opinion.

**GILLETTE, J.**

This ballot title review proceeding brought under ORS 250.085(2) concerns the Attorney General's certified ballot title for Initiative Petition 163 (2000). Petitioners are electors who timely submitted written comments to the Secretary of State concerning the content of the Attorney General's draft ballot title and who therefore are entitled to seek review in this court. *See* ORS 250.085(2) (stating that requirement). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2) to (6) (1997).[1] ORS 250.085(5).

The proposed measure, denominated by its proponents as the "Timber Tax Equity and Accountability Act," would enact new timber taxation provisions. Section I contains findings that purport to justify the substantive sections of the measure. Section II contains a declaration of policy. Section III, which is the substantive part of the measure, contains seven subsections. Of those subsections, the most important are subsection (A) (imposing a tax of 1 cent per board foot on the clearcutting of "immature" conifers for each year that the conifers are less than 80 years of age); subsection (B) (imposing an additional tax of 1 cent per board foot for each year of age if conifers or hardwood trees are harvested at less than 80 years of age and from within 100 feet of certain streams; subsection (C) (exempting the first $250,000 of yearly conifer harvest proceeds from nonriparian areas from the tax imposed by subsection (A) and the first $25,000 of yearly conifer and hardwood proceeds from the tax imposed by subsection (B)); and subsection (E) (providing

---

[1] The 1999 Legislature amended ORS 250.035(2) in several respects. Or Laws 1999, ch 793, § 1. However, section 3 of that 1999 enactment provides, in part:

"(1) The amendments to ORS 250.035 by section 1 of this 1999 Act do not apply to any ballot title prepared for:

"(a) Any initiative petition that, if filed with the Secretary of State with the required number of signatures of qualified electors, will be submitted to the people at the general election held on the first Tuesday after the first Monday in November 2000."

The proposed measure is one of those to which the 1999 act does not apply. We therefore apply the pertinent provisions of ORS 250.035 (1997).

that the taxes imposed by subsections (A) and (B) "shall be in addition to any taxes already charged, property or harvest, by the Oregon Department of Revenue or by any county"). Section IV of the proposed measure contains definitions for the measure.

The Attorney General certified the following ballot title for the proposed measure:

"IMPOSES TAXES ON CERTAIN TIMBER HARVESTING PRACTICES; ESTABLISHES EXEMPTIONS, CREDITS

"RESULT OF 'YES' VOTE: 'Yes' vote taxes harvesting trees of specified ages, locations, minimum harvest proceeds; establishes exemptions, credits.

"RESULT OF 'NO' VOTE: 'No' vote rejects taxing harvesting trees of specified ages, locations, minimum proceeds, establishing exemptions, credits.

"SUMMARY: 1999 legislation phased in timber harvest tax exemption for parcels 5000 acres or larger. Measure taxes gross harvest proceeds above $250,000 one cent per board foot per year of harvested tree age under 80. Limited exemption for harvest not exceeding 40% of timber on acre. Exempts Christmas trees, specified hardwoods. Provides tax credits for not harvesting on parcels exceeding 20 acres with average tree age at least 65. Additionally taxes harvesting trees under 80 years old within 100 feet of streams. Other provisions."

Petitioners attack all three parts of the Attorney General's certified ballot title on various grounds. We find their criticisms of the result statements and the summary to be well taken.

■ Petitioners assert that the Attorney General's result statements fail to comply substantially with the requirements of ORS 250.035(2)(b) and (c) (1997) in that they are misleading in their use of the word "proceeds" to describe what is taxed. The pertinent part of the "yes" result statement states that the measure "taxes * * * minimum harvest proceeds." That statement is erroneous, petitioners assert, because it implies that the tax imposed would be on the revenues received from harvesting trees, rather than on the board feet harvested. Petitioners are correct. Although the

*exemption* in section III (C) of the proposed measure is stated in terms of "harvest proceeds," the *tax* will be imposed without regard to the amount of proceeds (if any) that are generated by the particular harvest. We resolve that problem with the Attorney General's "yes" result statement by removing the phrase, "minimum harvest proceeds," from the statement.

Petitioners assert that the "no" result statement is deficient for the same reason that the "yes" statement is deficient. We agree. There are two ways in which that problem could be remedied. The first way would be to strike the words "minimum proceeds" from the "no" result statement. The second way would be to abandon the Attorney General's parallel construction of the two result statements and to substitute a statement that a "no" vote would leave in place the present taxing scheme applicable to timber harvesting. As our discussion of the Attorney General's summary, *post*, makes clear, we believe that the latter approach would provide the voters with more information. Accordingly, we substitute the following "no" result statement: " 'No' vote retains present system of taxation of timber harvests."

■        Finally, petitioners assert that the Attorney General's summary is deficient under ORS 250.035(2)(d) (1997), because it fails to state that the taxes imposed by the measure would be in addition to any other tax imposed on timber harvesting. Petitioners argue that if the first sentence of the Attorney General's summary—which uses 14 words to describe a 1999 legislative act that is only tangentially relevant to the present proposed measure—is deleted, then there is room in the summary to explain that the taxes that would be imposed if the measure were to pass would be in addition to any other tax imposed on timber harvesting. We agree that is it more important for the summary to explain that consequence than it is to provide the legislative background that is contained in the first sentence of the Attorney General's summary. Accordingly, we delete the first sentence and insert, within the body of the summary, the following sentence: "Taxes are in addition to any other state or county tax presently imposed." In addition, we make certain editorial changes in the summary to eliminate the same inaccuracy

respecting "proceeds" that we have described in the "yes" and "no" result statements.

We have considered each of petitioners' other arguments concerning the ballot title certified by the Attorney General and have concluded that none is well taken. We certify to the Secretary of State the following ballot title:

IMPOSES TAXES ON CERTAIN TIMBER HARVESTING PRACTICES; ESTABLISHES EXEMPTIONS, CREDITS

RESULT OF "YES" VOTE: "Yes" vote taxes harvesting trees of specified ages, locations; establishes exemptions, credits.

RESULT OF "NO" VOTE: "No" vote retains present system of taxation of timber harvests.

SUMMARY: Measure taxes timber harvest one cent per board foot per year of harvested tree age under 80. Exempts first $250,000 in proceeds. Taxes are in addition to any other state or county tax presently imposed. Limited exemption for harvest not exceeding 40% of timber on acre. Also exempts Christmas trees, specified hardwoods. Provides tax credits for not harvesting on parcels exceeding 20 acres with average tree age at least 65. Additionally taxes harvesting trees under 80 years old within 100 feet of streams. Other provisions.

Ballot title certified as modified. This decision shall become effective in accordance with ORAP 11.30(10).

**VAN HOOMISSEN, J.,** dissenting.

I respectfully dissent. In my view, the Attorney General's certified ballot title substantially complies with the requirements of ORS 250.035 (1997). ORS 250.085(5).